1  RICHARD H. GOLUBOW - State Bar No. 160434
   rgolubow@wghlawyers.com
2  ALASTAIR M. GESMUNDO - State Bar No. 316573
   agesmundo@wghlawyers.com
3  **WINTHROP GOLUBOW HOLLANDER, LLP**
   1301 Dove Street, Suite 500
4  Newport Beach, CA 92660
   Telephone: (949) 720-4100
5  Facsimile: (949) 720-4111

6  General Bankruptcy Counsel for
   David M. Goodrich, Chapter 7 Trustee

7

8

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                  **LOS ANGELES DIVISION**

13

| | |
|---|---|
| In re | Case No. 2:18-bk-20688-BB |
| RAYMOND A. FERNANDEZ, | Adv. Case No. _____ |
| Debtor. | Chapter 7 Proceeding |
| | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER** |
| David M. Goodrich, Chapter 7 Trustee, In re: Raymond A. Fernandez, | |
| Plaintiff, | |
| v. | |
| Imelda Merton Fernandez, aka Imelda Azirit, an individual. | |
| Defendant. | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff David M. Goodrich, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Raymond A. Fernandez ("Debtor") submits this Complaint for: avoidance and recovery of fraudulent transfer against Imelda Merton Fernandez, also known as Imelda Azirit ("Defendant").  Plaintiff hereby respectfully alleges and states as follows:

## JURISDICTION AND VENUE

1.    The Debtor filed a petition under Chapter 7 of Title 11 of the United States Code on September 12, 2018 ("Petition Date"), initiating In re Raymond A. Fernandez, Case No. 2:18-bk-20688-BB ("Bankruptcy Case") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("Bankruptcy Court").

2.    The claims in this adversary proceeding arise in and relate to the Bankruptcy Case.

3.    The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.    This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), (F) and (H).

5.    If this adversary proceeding is determined to be a non-core proceeding, the Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

6.    The Defendant is hereby notified that Fed. R. Bankr. P. 7012(b) requires the defendant to admit or deny whether this adversary proceeding is a core or non-core proceeding and, if non-core, to state whether the Defendant consents, or does not consent, to the entry of final orders or judgment by the Bankruptcy Court.

7.    This adversary proceeding is a civil proceeding arising in and related to the Bankruptcy Case, which is pending before the Bankruptcy Court. Accordingly, venue in the Bankruptcy Court is proper under 28 U.S.C. § 1409.

## PARTIES

8.    Plaintiff is the duly appointed Chapter 7 Trustee for the Estate.

9.    As Trustee, Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 544, 548 and 550.

10.     Defendant is an individual residing in Los Angeles County, California.

11.     Defendant is the Debtor's former spouse.

**GENERAL ALLEGATIONS**

**The Debtor and Defendant**

12.     Defendant and the Debtor were married on or about September 30, 2000.

13.     Defendant's father, Henry Merton, and a certain Evangeline Merton, transferred or sold to the Debtor and Defendant as joint tenants, real property located at 129 E. 220th Street, Carson, California 90745 ("Property").

14.     A grant deed reflecting the transfer or sale of the Property was recorded on or about July 15, 2010 ("Grant Deed").

15.     The purchase price for the Property was $320,000.00.

16.     Debtor and Defendant, together, borrowed $256,000 from Wells Fargo Bank, N.A., who in turn recorded a deed of trust against the Property to secure repayment of the loan on or about July 15, 2010.

17.     Defendant and the Debtor separated on or about November 11, 2014.

18.     On or about December 1, 2014, Defendant filed a petition for dissolution of marriage or in the alternative, for legal separation.

19.     Defendant and the Debtor executed a marital settlement agreement ("MSA") in or around March 2015.

20.     By the MSA, Defendant and the Debtor addressed the disposition of their community property, including among other things, the Property.

**The Transfer**

21.     On or about December 29, 2015, that certain Interspousal Transfer Deed was recorded, by which the Debtor granted to Defendant the Property as her sole and separate property ("Transfer").

22.     The fair market value of the Property was at least $498,000 at the time of the Transfer.

23.     Without having held any trial, on or about February 24, 2016, the Superior Court of the County of Los Angeles entered a judgment of dissolution, which included the MSA as an attachment.

### The Debtor's Bankruptcy Filing

24.     The Debtor commenced this Bankruptcy Case by filing his petition, schedules, and statement of financial affairs on the Petition Date, in which he identified a single-family residence as having been transferred to Defendant within two (2) years of filing for bankruptcy.

25.     The Debtor listed in his Schedule E/F "Wells Fargo Home Mor" as a creditor with an unsecured claim in the amount of $221,530.00.

26.     The Debtor indicated in his Schedule E/F that only he incurred such debt, that it was for a "Real Estate Mortgage" and that it was "Opened 07/10 Last Active 7/15/18."

27.     The Plaintiff is informed and believes that "Wells Fargo Home Mor" is the Debtor referring to the mortgage recorded by Wells Fargo Bank, N.A. in connection with the Grant Deed for the Property.

28.     Plaintiff is informed and believes that the single-family residence referred to in the Debtor's petition, for which he incurred debt, and at which he and Defendant resided is the Property.

### FIRST CLAIM FOR RELIEF

### (Avoidance of Intentional Fraudulent Transfer Pursuant to 11 U.S.C. § 544; California Civil Code §§ 3439.04, 3439.05 *et seq.* – Against Defendant)

29.     Plaintiff incorporates each and every allegation contained above, as though fully set forth herein.

30.     The Transfer was a transfer of an interest of the Debtor in property to Defendant within four years of the Petition Date.

31.     The Transfer was made with the actual intent to hinder, delay, or defraud persons or entities to which the Debtor was or became indebted, on or after the date the Transfer was made.

32.     Plaintiff may avoid and recover the Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 544; California Civil Code §§ 3439 *et seq*.

33.     Any transfer avoided by the Court is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 544; California Civil Code §§ 3439.04, 3439.05 et seq. – Against Defendant)**

34.     Plaintiff incorporates each and every allegation contained above, as though fully set forth herein.

35.     The Transfer was a transfer of an interest of the Debtor in property to Defendant within four years of the Petition Date.

36.     The Debtor received less than reasonably equivalent value in exchange for the Transfer.

37.     The Debtor was insolvent on the date of the Transfer, was engaged or was about to engage in a business or a transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

38.     The Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debt beyond the Debtor's ability to pay as they became due.

39.     Plaintiff may avoid and recover the Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 544; California Civil Code §§ 3439 *et seq*.

40.     Any transfer avoided by the Court is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## THIRD CLAIM FOR RELIEF

**(To Preserve Transfer for the Benefit of the Estate Pursuant to 11 U.S.C. § 551))**

41.     Plaintiff incorporates each and every allegation contained above, as though fully set forth herein.

42.     Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate as the Transfer is avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. For entry of judgment avoiding the Transfer;

2. For entry of judgment recovering the avoided Transfer;

3. For entry of judgment that the avoided Transfer is preserved for the benefit of the Estate;

4. For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute and/or agreement of the parties; and

5. For such other relief as the Court deems just and proper.

Dated: December 26, 2019                    **WINTHROP GOLUBOW HOLLANDER, LLP**

By: */s/ Alastair M. Gesmundo*
  Richard H. Golubow
  Alastair M. Gesmundo
General Bankruptcy Counsel for
David M. Goodrich, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>David M. Goodrich, Ch. 7 Trustee, In Re: Raymond A. Fernandez | DEFENDANTS<br>Imelda Merton Fernandez, aka Imelda Azirit, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Richard H. Golubow, Esq. and Alastair M. Gesmundo, Esq.<br>Winthrop Golubow Hollander, LLP<br>1301 Dove Street, Suite 500, Newport Beach, CA 92660<br>Tele: (949) 720-4100 Fax: (949) 720-4111 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      ☒ Other    Transferee<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance and Recovery of Fraudulent Transfer pursuant to 11 U.S.C. Sections 544, 548, 550. Avoidance of intentional fraudulent transfer pursuant to 11 U.S.C. Section 544, California Civil Code Section 3439 et seq.; avoidance of constructive fraudulent transfer pursuant to 11 U.S.C. Section 544, California Civil Code Section 3439 et seq.; preserve transfer for the benefit of the estate pursuant to 11 U.S.C. Section 551.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☒[1] 13-Recovery of money/property - §548 fraudulent transfer
☒[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒[3] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ Value of Property TBD |

| Other Relief Sought | For entry of judgment avoiding the Transfer; for entry of judgment recovering the avoided Transfer; for entry of judgment that the avoided Transfer is preserved for the benefit of the Estate; for costs of suit incurred, including attorneys' fees as provided by applicable case law, statute and/or agreement of the parties; and for such other relief as the Court deems just and proper. |
|---|---|

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAYMOND A. FERNANDEZ | BANKRUPTCY CASE NO.<br>2:18-bk-20688-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Alastair M. Gesmundo | | |
| DATE<br>December 26, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Alastair M. Gesmundo | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.